UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY PERRY, #188623,

          Plaintiff,

                                                      CASE NO. 2:13-CV-11826
v.                                        HONORABLE DENISE PAGE HOOD

VELSICO CHEMICAL CORP., et al.,

          Defendants.
_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT, DENYING
MOTIONS FOR CLASS CERTIFICATION AND TO FILE AMENDED COMPLAINTS,
AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I.    Introduction**

       Michigan prisoner Garry Perry ("Plaintiff") has filed a *pro se* civil rights complaint

pursuant to 42 U.S.C. § 1983, as well as motions for class certification and to file amended

complaints.  This Court has granted Plaintiff's application to proceed without prepayment of the

filing fee under 28 U.S.C. § 1915(a).  In his complaint, Plaintiff sues the Velsico Chemical

Corporation, Northwest Industries, Inc., LePetomane II, Inc., LePetomane III, Inc., Edgewood

Farms, Inc., and Does 1-300 alleging that he was subject to contaminated drinking water while

confined at the Pine River Correctional Facility in St. Louis, Michigan and that he has resulting

medical problems.  Plaintiff seeks monetary damages, as well as injunctive and declaratory

relief.  Having reviewed the complaint, the Court now dismisses it for failure to state a claim

upon which relief may be granted under 42 U.S.C. § 1983.  The Court also denies Plaintiff's

motions for class certification and to file amended complaints and further concludes that an

1

appeal cannot be taken in good faith.

## II.   Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic

2

recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at

555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or

she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of

the United States; and (2) the deprivation was caused by a person acting under color of state law.

*Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364

(6th Cir. 2009).

To state a claim under § 1983, a plaintiff must demonstrate that the conduct which caused

his alleged injury is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S.

922, 937 (1982). Conduct which deprives a party of a federally protected right can be said to be

fairly attributable to the state when: (1) the deprivation is caused by the exercise of a

state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the

state is responsible, and (2) the party charged with the deprivation may be fairly described as a

state actor. *Id*. In this case, the named defendants are private parties and not state actors subject

to suit under § 1983. Plaintiff has also failed to allege facts establishing that the named

defendants deprived him of any constitutional rights while acting under state law. His complaint

fails to state a claim under § 1983 and must be dismissed.

## III.    Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon

which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** the

civil rights complaint.[1]  Given this determination, the Court also **DENIES** Plaintiff's motions for

class certification and to file amended complaints.  Lastly, the Court concludes that an appeal

from this order cannot be taken in good faith.  28 U.S.C. § 1915(a)(3); *see also McGore v.*

*Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).  This case is closed.

       **IT IS SO ORDERED**.


                  S/Denise Page Hood
                  Denise Page Hood
                  United States District Judge

Dated:  May 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on
May 31, 2013, by electronic and/or ordinary mail.

                  S/LaShawn R. Saulsberry
                  Case Manager

---

[1]This dismissal is without prejudice to the filing of an appropriate civil rights action naming state actors as defendants or an appropriate civil action under the proper legal theory against the named defendants.